UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PAMELA Y. BRYANT,

                        Plaintiff,

  -against-

DOV J. BERKOWITZ, M.D.,

                       Defendant.
-----------------------------------------------------------X

CV 13 3962

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 12 2013 ★

LONG ISLAND OFFICE

NOTICE OF REMOVAL

Docket No.

WEXLER, J.

TOMLINSON, M

Defendant Dov J. Berkowitz, M.D. ("Dr. Berkowitz" or "Defendant"), by and through his attorneys, Garfunkel Wild, P.C., hereby files this Notice of Removal, pursuant to 28 U.S.C. § 1441, of the above-captioned matter to the United States District Court for the Eastern District of New York from the Supreme Court of the State of New York, County of Queens, where the action is now pending. Defendant respectfully states as follows:

I. **Procedural History**

1. Plaintiff Pamela Y. Bryant (the "Plaintiff") commenced this action via a Summons and Complaint filed on June 4, 2013 in the Supreme Court of the State of New York, County of Queens, Index No. 10744/2013. A copy of the Plaintiffs' Summons and Verified Complaint (the "Complaint") is annexed hereto as Exhibit A.[1]

2. The Complaint charges Dr. Berkowitz with sexual assault and seeks compensatory and punitive damages from Dr. Berkowitz in the amount of $2,000,000.00, and costs. *See* Exhibit A.

---

[1] Although denominated a "Verified Complaint," Plaintiff failed to attach any verification to the Complaint.

2573445v.2

## II. This Court has Subject Matter Jurisdiction Based Upon Diversity of Citizenship Between The Parties

3. Defendant maintains his principal medical office at 80-02 Kew Gardens Road, Kew Gardens, Queens County, New York, and another office at 2094 Front Street, East Meadow, Nassau County, New York.

4. The acts which form the basis of the Complaint allegedly occurred at the East Meadow, Nassau County, office location, the only location where Defendant provided services to Plaintiff. *See* Exhibit A, ¶¶ 4-6.

5. Although the Complaint merely alleges that Plaintiff is a *resident* of Nassau County (*see* Exhibit A, ¶ 1), upon information and belief, Plaintiff is actually a citizen of North Carolina or California.

8. The basis for Defendant's belief that Plaintiff is a citizen of North Carolina is that Plaintiff informed Defendant (and/or Defendant's office staff) on December 29, 2012 that her address was in Rocky Mount, North Carolina, and that she was employed as a Minister/Chaplain in Fayetteville, North Carolina.[2]

6. Furthermore, Plaintiff's Driver's License indicates an address in Claremont, California.

---

[2] Upon court order, Defendant can provide copies of a Registration Form, completed by Plaintiff on December 29, 2012, disclosing the specifics of such foregoing information. A court order is necessary to comply with various patient confidentiality laws and regulations, including, but not limited to, HIPAA.

2

2573445v.2

### III. The Amount in Controversy Requirement is Satisfied

7. As set forth above, the Complaint states that Plaintiff seeks, among other things, compensatory damages from the Defendant in the amount of $2,000,000.00. *See* Exhibit A.

8. Thus, the amount in controversy exceeds the $75,000.00 threshold, exclusive of costs and interest.

### IV. Defendant Has Satisfied the Procedural Requirements for Removal

9. Removal is timely under 28 U.S.C. § 1446(b) because the Complaint filed in the Supreme Court of the State of New York, County of Queens, is the first pleading, motion, order or other paper from which it could first be ascertained that this action is one that is removable. This Notice of Removal is filed within thirty (30) days of receipt by Defendant of a copy of the Complaint, which was first received by the Defendant on June 17, 2013 *via* Federal Express. A copy of the Federal Express tracking receipt is annexed hereto as Exhibit B.

10. Defendant will give written notice to the Plaintiff (through her counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

11. The Supreme Court of the State of New York, County of Queens, is located within the Eastern District of New York. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 112(c), because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

12. Pursuant to 28 U.S.C. § 1441(a), Defendant need not obtain the consent of any other party to remove this action under the attendant circumstances. *See* 28 U.S.C. §1441(a).

13. A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by Defendant with the Clerk of the Supreme Court of the State of New York,

County of Queens, as required by 28 U.S.C. § 1446(d). Defendant thus has satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction over the case herein as provided by law. Notwithstanding the foregoing, Defendant intends no admission of liability by this Notice of Removal and expressly reserves any and all defenses, including, but not limited to, personal jurisdiction defenses, and objections to the sufficiency of Plaintiff's pleadings.

Dated: July 12, 2013
       Great Neck, New York

                            Respectfully submitted,

                            GARFUNKEL WILD, P.C.
                            *Attorneys for Defendant*

By: _____
      Andrew L. Zwerling
      Jason Hsi
      111 Great Neck Road
      Great Neck, New York 11021
      516-393-2200

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X

PAMELA Y. BRYANT,

                            Plaintiff,

        -against-

DOV J. BERKOWITZ, MD,
                            Defendant.
---------------------------------------------------------------X

Index No. 10744/2013
Date Purchased: 6/4/13

Plaintiff designates QUEENS
County as the place for trial
The basis of venue is
Defendant's Place of Business

## *SUMMONS*

**To the above named Defendant:**

      *YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you be default for the relief demanded herein.

Dated: April 20, 2013

                                                        Law Offices of Eliot F. Bloom, PC
                                                        Attorney(s) for Plaintiff(s)
                                                        Office and Post Office Address
                                                        2 Hillside Avenue
                                                        Williston Park, New York 11596
                                                         (516) 739-5300

**RECEIVED**
JUN - 4 2013
COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
PAMELA Y. BRYANT

             **VERIFIED COMPLAINT**

      Plaintiff,

             Index No.

-against-

DOV J. BERKOWITZ, MD,

      Defendant.
-------------------------------------------------------------X

Plaintiff, PAMELA Y. BRYANT, by and through her attorney, Law Offices of Eliot F. Bloom, PC, as and for her complaint against the Defendant DOV J. BERKOWITZ, MD, alleges as follows:

(1) Plaintiff PAMELA Y. BRYANT is a resident of the County of Nassau, State of New York.

(2) Defendant DOV J. BERKOWITZ, MD, does business in the Counties of Queens and Nassau, State of New York, and maintains a place of business for the practice of medicine at 2094 Front Street, East Meadow, New York and at 80-02 Kew Gardens Road, Kew Gardens, New York 11415.

(3) Defendant is, and at all times mentioned in this Complaint was, a physician and surgeon licensed to practice medicine under the laws of the State of New York.

(4) In and about 2013, and at all times mentioned herein, Defendant held himself out to the general public, and particularly to Plaintiff, as a skilled, licensed and qualified physician.

(4) Plaintiff was, at the times mentioned in this Complaint, a patient of the Defendant.

(5) Prior to and on March 12, 2013, Plaintiff attended a medical examination by the Defendant as a follow-up for a surgical procedure on her shoulder that was performed on January 16, 2013. (hereinafter referred to as the "examination")

(6) During the course of the examination Plaintiff became aware that the Defendant was touching her in a sexual manner by massaging her, inappropriately touching her, holding her, kissing her, attempting to touch her breasts, placing his penis against her body, thigh and knee, and manipulating her. (hereinafter referred to as the "acts") The Defendant continued these acts throughout the examination.

### First Cause of Action—Sexual Assault (Battery)

(7) Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

(8) The Defendant knew or should have known that the acts described herein were offensive to the Plaintiff and that the Plaintiff did not consent to the acts.

(9) The acts alleged herein were undertaken exclusively for the sexual gratification of the Defendant and were not required as part of the examination.

(10) The Plaintiff could not consent to the acts as the Defendant combined the examination with the touching and acts alleged as if they were required as part of the examination.

(11) The acts of the Defendant described herein were done willfully, maliciously, outrageously, deliberately, and purposely with the sole intention of fulfilling the Defendant's sexual gratification, and based on the Doctor-Patient relationship, the acts were performed in reckless disregard of the professional responsibilities and care required of a physician.

(12) The acts alleged herein were undertaken so recklessly and unprofessional that they were performed with the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress to the Plaintiff.

(13) As a direct and proximate result of the Defendant's acts alleged herein, Plaintiff was caused to incur severe mental and emotional suffering, fright, anguish, shock, nervousness and anxiety. Plaintiff continues to be fearful, anxious, and nervous.

(14) As a direct and proximate result of the Defendant's deliberate acts, the Plaintiff suffered physical and psychological injuries, all to her damage in the sum of Two Million ($2,000,000.00) Dollars.

(15) The acts alleged herein are so extreme and outrageous as to justify an award of punitive damages against the Defendant in the sum of Two Million ($2,000,000.00) Dollars.

Wherefore, Plaintiff demands judgment against the Defendant for:

(a) Compensatory damages in the amount of Two Million ($2,000,000.00) Dollars;

(b) Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

(c) Costs of this action; and

(d) Such additional relief as the Court may deem just and proper.

Dated:  Williston Park, New York
        April 15, 2013

Eliot F. Bloom, Esq.
Law Offices of Eliot F. Bloom, PC
Two Hillside Avenue
Williston Park, New York 11596
(516) 739-5300

Exhibit B

**FedEx**

**801358038885**

Ship (P/U) date: **Thur 6/06/2013 3:54 pm**
WILLISTON PARK, NY US

**Delivered**
Signed for by: A.KO

Actual delivery: **Mon 6/17/2013 9:42 am**
NY US

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **- 6/17/2013 - Monday** | | |
| 9:42 am | Delivered | NY |
| 8:34 am | On FedEx vehicle for delivery | BROOKLYN, NY |
| 6:38 am | At local FedEx facility | BROOKLYN, NY |
| 1:55 am | Departed FedEx location | NEWARK, NJ |
| **- 6/16/2013 - Sunday** | | |
| 6:43 pm | In transit | NEWARK, NJ |
| 6:37 pm | Arrived at FedEx location | NEWARK, NJ |
| 5:25 pm | Departed FedEx location | MEMPHIS, TN |
| 9:05 am | Arrived at FedEx location | MEMPHIS, TN |
| **- 6/15/2013 - Saturday** | | |
| 5:55 pm | Left FedEx origin facility | GARDEN CITY, NY |
| **- 6/14/2013 - Friday** | | |
| 9:04 pm | At local FedEx facility | GARDEN CITY, NY |
| 11:27 am | Delivery exception<br>Incorrect address - Recipient moved | GARDEN CITY, NY |
| 10:28 am | Delivery exception<br>Incorrect address | GARDEN CITY, NY |
| 8:59 am | On FedEx vehicle for delivery | GARDEN CITY, NY |
| **- 6/13/2013 - Thursday** | | |
| 9:20 pm | At local FedEx facility | GARDEN CITY, NY |
| **- 6/12/2013 - Wednesday** | | |
| 9:06 pm | At local FedEx facility | GARDEN CITY, NY |
| **- 6/11/2013 - Tuesday** | | |
| 9:16 pm | At local FedEx facility | GARDEN CITY, NY |
| **- 6/10/2013 - Monday** | | |
| 8:32 pm | At local FedEx facility | GARDEN CITY, NY |
| **- 6/08/2013 - Saturday** | | |
| 5:21 pm | At local FedEx facility | GARDEN CITY, NY |
| **- 6/07/2013 - Friday** | | |
| 8:52 pm | At local FedEx facility | GARDEN CITY, NY |
| 10:33 am | Delivery exception<br>Incorrect address - Recipient moved | GARDEN CITY, NY |
| 9:17 am | On FedEx vehicle for delivery | GARDEN CITY, NY |
| 7:18 am | At local FedEx facility | GARDEN CITY, NY |
| **- 6/06/2013 - Thursday** | | |
| 9:42 pm | At destination sort facility | JAMAICA, NY |
| 9:42 pm | Left FedEx origin facility | GARDEN CITY, NY |
| 3:54 pm | Picked up | GARDEN CITY, NY |

Local Scan Time ☑

## Shipment Facts

| Tracking number | 801358038885 | Service | FedEx Priority Overnight |
|---|---|---|---|
| Delivered To | Receptionist/Front Desk | Total pieces | 1 |
| Shipper reference | BRYANT | Packaging | FedEx Envelope |
| Special handling section | Deliver Weekday | | |

00022
00052

# FedEx Express

**Package US Airbill**

FedEx Tracking Number: 8013 5803 8885

**1 From**

Date: 6/6/2013

Sender's Name: Eliot F. Bloom  Phone: 516-746-2520

Company: LAW OFFICE OF ELIOT F BLOOM

Address: 2 HILLSIDE AVE STE B

City: WILLISTON PARK  State: NY  ZIP: 11596-2335

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name: Dr. Bart Pickard  Phone: Bryant

Company:

Address: 204 East Shore [illegible]

City: East Hadley  State: NY  ZIP: 11554

8013 5803 8885

04562048043

**4 Express Package Service**

- FedEx First Overnight
- ✓ FedEx Priority Overnight
- FedEx Standard Overnight
- FedEx 2Day A.M.
- FedEx 2Day
- FedEx Express Saver

**5 Packaging**
- ✓ FedEx Envelope
- FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling and Delivery Signature Options**

SATURDAY Delivery

No Signature Required

✓ Direct Signature

Indirect Signature

Does this shipment contain dangerous goods?
- ✓ No
- Yes (as per attached Shipper's Declaration)
- Yes (Shipper's Declaration not required)

Dry Ice — Cargo Aircraft Only

**7 Payment** Bill to:
- ✓ Sender Acct No.
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages  Total Weight  Credit Card Auth.

611

fedex.com 1.800.GoFedEx 1.800.463.3339