UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PAMELA BRYANT,

   Plaintiff,

  -against-

DOV J. BERKOWITZ, M.D.,

   Defendant.

-------------------------------------------------------------X

APPEARANCES:

The Law Office of Elliot F. Bloom PC
By: Elliot F. Bloom, Esq.
1551 Kellum Place, Second Floor
Mineola, NY 11501
Attorneys for Plaintiff

Garfunkel Wild, P.C.
By: Andrew L. Zwerling, Esq.
 Jason Hsi, Esq.
111 Great Neck Road
Great Neck, NY 11021
Attorney for Defendant

<u>MEMORANDUM AND ORDER</u>

CV 13-3962

(Wexler, J.)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ AUG 27 2015 ★ 

**LONG ISLAND OFFICE**

WEXLER, District Judge:

  In this diversity action, Plaintiff Pamela Bryant ("Bryant" or "Plaintiff") claims she was

sexually assaulted by her doctor, Dov J. Berkowitz, M.D. ("Berkowitz" or "Defendant"). The

case was removed from Supreme Court of New York, Queens County, and Defendant asserts

counterclaims for defamation and intentional infliction of emotional distress. Before the Court is

Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure ("Fed. R. Civ. Proc.").

  The standards for summary judgment are well settled. Rule 56(a) of the Fed. R. Civ.

Proc. states that summary judgment is appropriate only if "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. Proc.; Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL 1776643 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

The Court has reviewed the parties' submissions, including the videotape submitted by Plaintiff, and concludes that issues of fact preclude the entry of summary judgment with respect to Plaintiff's claim. Whether or not the Defendant sexually assaulted Plaintiff during the course of his follow-up treatment of her is a factual dispute to be determined at trial. Defendant argues that Plaintiff's alleged inconsistencies of what happened, as well as her conduct during and after the alleged assault, warrant summary judgment. Those credibility determinations are more appropriately addressed at trial through cross-examination, not as grounds for summary judgment. Furthermore, Defendant's argument that summary judgment should be granted since his expert opines that the videotape does not reflect a sexual assault is misplaced. See U.S. v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991) ("although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts.").[1] Accordingly, Defendant's motion for summary judgment is denied. See Fed. R.

---

[1]Any additional arguments the parties have regarding the validity and/or admissibility of each other's expert should be addressed in motions *in limine* filed prior to trial.

Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).[2] The denial of the motion is without prejudice to renew following the presentation of Plaintiff's case at trial.

The Court notes that neither party has demanded a jury. Counsel are reminded that the trial of this case is scheduled for September 16, 2015 at 9:30 a.m., and all counsel are directed to appear for a pre-trial conference on September 10, 2015 at 10:30 a.m.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 27 2015

---

[2]The Court notes that Plaintiff failed to submit a counter-Local 56.1 Statement in opposition to Defendant's motion. Even admitting the facts alleged by Defendant in his 56.1 statement as provided by the rule, see Local Civil Rule 56.1(c), they do not resolve the penultimate factual question of whether Defendant assaulted Plaintiff.

-3-